44 So.3d 429 (2010)
Windell WASHINGTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2008-KA-00947-COA.
Court of Appeals of Mississippi.
September 21, 2010.
Latrice Westbrooks, Jackson, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, Jackson, attorney for appellee.
Before LEE, P.J., ISHEE and MAXWELL, JJ.
LEE, P.J., for the Court:

PROCEDURAL HISTORY
¶ 1. On May 13, 2008, a jury in the Holmes County Circuit Court found Windell Washington guilty of manslaughter. Washington had been indicted on one count of murder and one count of aggravated assault. The jury found Washington not guilty of aggravated assault. Washington *430 was sentenced to twenty years in the custody of the Mississippi Department of Corrections. Washington now appeals, asserting that the trial court erred in admitting a prejudicial photograph of the victim into evidence. Finding no error, we affirm.

FACTS
¶ 2. On July 23, 2006, Washington drove to downtown Lexington, Mississippi, to speak with his former girlfriend, Patricia Gibson. Gibson had been driving Anthony Collins's car, and Collins was in the passenger seat. Gibson, who was holding her six-month-old grandchild, was standing outside the car and speaking to Angela Thomas. Thomas was parked next to Gibson. Washington parked his car behind Collins's car and Thomas's car, but he did not leave his car throughout the altercation.
¶ 3. According to Thomas, Washington and Gibson began arguing. Collins told Washington to leave Gibson alone. When Collins exited the car and moved toward Washington, Washington pulled out a gun and shot Collins six times. A bullet also hit Gibson in the leg. Collins died from gunshot wounds to his right chest.
¶ 4. Washington testified that he saw Collins with his hand in his pocket and thought Collins might have a weapon. Washington contended that he shot Collins in self-defense. No weapon was found on Collins or in his car.

DISCUSSION
¶ 5. In his only issue on appeal, Washington contends that the trial court erred in allowing prejudicial photographs of Collins to be admitted into evidence. Washington claims that the photographs did not need to be admitted for identification purposes since he did not contest the identification of Collins. This Court will not disturb a trial court's ruling on the admission of photographs unless the trial court abused its discretion. Gardner v. State, 573 So.2d 716, 718 (Miss.1990). The photograph will be admissible if it has an evidentiary purpose, regardless of whether it is gruesome or inflammatory. Id. at 719.
¶ 6. One of the photographs Washington is concerned with depicts Collins's face post-autopsy. We note that this photograph was admitted for identification purposes only and not as an exhibit. Since the jury was never shown this particular photograph, we can find no error in regard to this photograph.
¶ 7. The other two photographs depict the gunshot wounds Collins suffered. The trial court determined these photographs were admissible to show the location of Collins's wounds. Washington claimed that he only shot Collins three times, but the photographs show that Collins was hit six times. We cannot find that the trial court abused its discretion in admitting these photographs into evidence. This issue is without merit.
¶ 8. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.